JUDGE BAER

FILED ON
July 7, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of the Arbitration Between:

BIPINCHANDRA SHAH,

                Petitioner,

- against -

COMMERCIAL BANK "OB'EDINENNYI
INVESTITSIONNYI BANK" (LIMITED LIABILITY
COMPANY),

                Respondent.

Civil Action No.: 09- 6121 (HB)

## PETITION FOR AN ORDER OF
## ATTACHMENT IN AID OF ARBITRATION

Petitioner Bipinchandra Shah ("Shah"), by and through his attorneys, Salans LLP, respectfully alleges as and for his Petition against Respondent Commercial Bank "Ob'Edinennyi Investitsionnyi Bank" (Limited Liability Company) ("ObiBank") as follows:

### INTRODUCTION

1.     This is an action for an order of attachment in aid of arbitration currently pending before the London Court of International Arbitration (the "pending arbitration" or the "2009 Arbitration"). In the 2009 Arbitration, Shah seeks to recover attorneys' costs and fees arising out of his attempts to enforce an award he won in a prior arbitration (the "2006 Arbitration"). In the 2006 Arbitration, Respondent, along with several other entities (collectively, the "2006 Respondents"), was found jointly and severally liable to Shah for an amount in excess of $5.3 million (the "2006 Award").

2.     The 2006 Respondents have steadfastly refused to pay Shah the 2006 Award, forcing him to chase their assets through various international jurisdictions. This cat-

and-mouse game has been both time consuming and expensive. So far, Shah has incurred attorney costs and fees in excess of $700,000 in his attempts to enforce the 2006 Award.

3. Shah has brought the pending arbitration against the 2006 Respondents to recover his enforcement costs and fees, as provided for in the agreements out of which the 2006 Arbitration arose. Despite the efforts of ObiBank and the other 2006 Respondents to prevent Shah from collecting the 2006 Award, Shah has located money belonging to ObiBank in a bank within this Court's jurisdiction.

4. This Petition seeks an order of attachment, pursuant to Rule 64 of the Federal Rules of Civil Procedure and Articles 62 and 75 of New York's Civil Practice Law and Rules ("CPLR"), attaching ObiBank's account so that any award to which Shah may be entitled in the pending arbitration will not be rendered ineffectual.

## THE PARTIES

5. Petitioner Shah is a United States citizen, residing in New York City.

6. Upon information and belief, Respondent ObiBank is a commercial liability bank and limited liability company organized and existing under the laws of the Russian Federation. Its principal place of business is in Moscow, Russia.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331 and 9 U.S.C. § 203 and pursuant to 28 U.S.C. § 1332.

8. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(d) and 9 U.S.C. § 204. Venue is appropriate under CPLR 7502(a)(i) as well.

## FACTUAL BACKGROUND

### The Loan Agreement and the 2006 Arbitration

9. In July 2005, Shah (as creditor) and the 2006 Respondents (as either borrowers or indemnifiers/guarantors) entered into certain agreements (the "Loan Agreements") concerning a loan of $3 million by Shah to two of the 2006 Respondents.

10. Shah fully performed his obligations under the Loan Agreements, including paying the $3 million loan. For their part, the 2006 Respondents breached numerous respective obligations, including failing to repay the loan.

11. The Loan Agreements provided that any dispute arising out of them was subject to arbitration before the London Court of International Arbitration (the "LCIA").

12. On or about September 20, 2006, Shah commenced the 2006 Arbitration before the LCIA. In accordance with the rules of the LCIA, the arbitral tribunal proceeded with the arbitration and on or about April 7, 2008, issued the 2006 Award. Under the 2006 Award, the 2006 Respondents were found liable to Shah jointly and severally for over $5.3 million.

### Petitioner's Collection Efforts

13. The 2006 Respondents, including ObiBank, refused to pay the 2006 Award. As a result, Shah has been forced to pursue the assets of the 2006 Respondents, at great expense, in New York and Austria, among other places.

#### I. New York – Federal Judgment

14. In New York, Shah petitioned this Court to confirm the 2006 Award.[1] In addition, on or about May 15, 2008, the Court granted Shah an order of attachment attaching monies, property, or interest in property belonging to the 2006 Respondents within the Court's jurisdiction (the "Attachment Order").

---

[1] Shah v. RLI Partners Limited, et al., No. 08-4446.

15. The Attachment Order was served on 13 garnishees, including Citibank N.A. ("Citibank"). At the time the Attachment Order was served, funds belonging to ObiBank were on deposition in a Citibank account (the "Citibank Account"). Those funds were frozen while Shah's petition to confirm the 2006 Award was pending. None of the other garnishees reported holding an account belonging to ObiBank or any of the other 2006 Respondents.

16. Thereafter, the Court granted Shah's motion for summary judgment confirming the 2006 Award and ordering payment of the attached funds from the Citibank Account (approximately $1.1 million) to Shah (the "Confirmation Order").

## II. Austria

17. In Austria, Shah successfully obtained an order from the district court in Vienna, Austria, freezing ObiBank's account at an Austrian bank, Raiffusen Zentralbank Osterreich AG (the "Austrian Account").

18. Shah then requested that the Austrian court confirm the 2006 Award and deliver the frozen funds to him in satisfaction of the balance of the 2006 Award. That request is still pending. The Austrian bank has refused to specify the amounts in the Austrian Account.

## III. New York – State Court Restraining Notice

19. After Shah received the funds held in ObiBank's Citibank Account, on or about November 14, 2008, he caused a transcript of the federal court's decision to be filed with the New York County Clerk. Thereafter, on or about November 17, 2008, Shah's counsel, Salans, issued a restraining notice to Citibank pursuant to that transcript (the "Restraining Notice"). The Restraining Notice forbade Citibank to make or allow the assignment or transfer of any property in which ObiBank or any of the other 2006 Respondents had an interest.

20. Before Shah obtained the Attachment Order, ObiBank had made significant use of the Citibank Account. Literally tens of millions of dollars flowed through it.

After the Attachment Order was served, and after Shah obtained the $1.1 million held in that account pursuant to the Confirmation Order, there was little to no activity in the Citibank Account.

21. For months the Citibank Account held only a few thousand dollars and showed little activity. Recently, however, additional money appeared in the Citibank Account.[2] Acting pursuant to the Restraining Notice, Citibank has frozen, as of June 9, 2009 approximately $1.8 million of ObiBank's funds in the Citibank Account.

The Pending Arbitration

22. Shah commenced the 2009 Arbitration on May 18, 2009 by filing a Request for Arbitration with the LCIA. His purpose in bringing the pending arbitration was to recover the costs, including attorneys' fees, which he incurred in enforcing the 2006 Award. Shah is seeking over $700,000 in the 2009 Arbitration, an amount that exceeds all known counter-claims.

23. Under the plain language of the Loan Agreements, Shah is entitled to the relief he seeks in the 2009 Arbitration. He has already established in the 2006 Arbitration that ObiBank breached the Loan Agreements and failed to make payment under the agreements. The only issue to try is the amount of damages.

24. ObiBank is one of four respondents in the 2009 Arbitration. The respondents in the pending arbitration are identical with the 2006 Respondents.

25. ObiBank is one of two respondents that have appeared in the 2009 Arbitration. By email dated June 18, 2009, the remaining two respondents announced that they

---

[2] On or about May 20, 2009, Citibank informed Salans that approximately $1.8 million had been deposited in the Citibank Account, and, out of an abundance of caution, Salans served a second restraining notice on Citibank on that date.

would not be participating in the proceedings. No arbitrators have been selected or empaneled as yet.

## PETITION FOR AN ORDER OF ATTACHMENT IN AID OF ARBITRATION PURSUANT TO FED. R. CIV. P. 64 AND CPLR ARTICLES 62 AND 75

26. As matters currently stand, Shah has frozen two of ObiBank's accounts: the Austrian Account, containing an undisclosed amount; and the Citibank Account, containing approximately $1.8 million. The amount of the 2006 Award still to be paid (plus interest until payment as required by the award) is approximately $4.8 million.

27. Shah is hopeful that the Austrian court will confirm the 2006 Award and direct payment to him of the frozen funds in the Austrian Account.

28. If that occurs, however, and if the Austrian Account contains enough money to satisfy the balance owed on the 2006 Award, Shah's currently existing restraint on the Citibank Account will be lifted, and Respondent will be free to withdraw its money from that account.

29. Respondent ObiBank has shown itself to be unwilling to abide by the terms of the 2006 Award, forcing Shah to expend substantial time and money on enforcement. Despite months of searching and expenditures in excess of $700,000, Shah has been able to locate only two accounts outside of Russia belonging to any of the 2006 Respondents: the Citibank Account and the Austrian Account.

30. Given Respondent's past record of refusing to comply with the LCIA's award in the 2006 Arbitration, it is likely that Respondent will resist enforcement of any award to which Shah may be entitled in the pending arbitration as well, including removing any funds in the Citibank Account when and if the restraint on that account is lifted. If that happens, Shah

will have no way of enforcing any award to which he may be entitled pursuant to the pending arbitration.

31. For that reason, Shah is seeking an order of attachment in aid of the pending arbitration, attaching the Citibank Account up to the amount of $700,000, which is the approximate amount petitioner is seeking in the pending arbitration. An attachment order will insure that, even if the restraint on the Citibank Account is lifted as a result of the 2006 Award being satisfied, any award to which Shah may be entitled in the pending arbitration will not be rendered ineffectual.

WHEREFORE, Shah respectfully requests that this Court issue an order pursuant to CPLR 7502(c) and Article 62, as incorporated by Rule 64 of the Federal Rules of Civil Procedure, granting an order directing the attachment of ObiBank's Citibank Account up to the amount of $700,000.

Dated: New York, New York
July 7, 2009

SALANS LLP

By: _____
John J. Hay
Attorneys for Petitioner
620 Fifth Avenue
New York, NY 10020
(212) 632-5500