UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of the Arbitration Between:

BIPINCHANDRA SHAH,

                Petitioner,

     - against -

COMMERCIAL BANK "OB'EDINENNYI
INVESTITSIONNYI BANK" (LIMITED LIABILITY
COMPANY),

             Respondent.

Civil Action No.: 09 Civ. 6121 (HB)

**DECLARATION OF JOHN J. HAY
IN SUPPORT OF ORDER TO SHOW
CAUSE**

JOHN J. HAY declares as follows:

1.      I am a partner at Salans LLP, attorneys for Petitioner Bipinchandra Shah ("Mr. Shah"). I submit this declaration in support of Mr. Shah's order to show cause for an order of attachment in aid of arbitration against Respondent Commercial Bank "Obi'edinenny Investitsionnyi Bank" (Limited Liability Bank) ("ObiBank") pursuant to Rule 64 of the Federal Rules of Civil Procedure ("FRCP") and Section 7502(c) of the New York Civil Practice Law and Rules ("CPLR").

2.      Mr. Shah seeks to bring his Petition before the Court by order to show cause, rather than by notice of petition, for two reasons: First, because there is a danger that if his Petition is not timely granted funds currently on deposit at a bank within this Court's jurisdiction will be secreted away by Respondent. Petitioner therefore seeks to expedite the Court's consideration of his Petition.

3.      Mr. Shah's second reason for bringing his Petition before the Court by order to show cause is because he requests that the Court direct service of process pursuant to FRCP 4(f)(3), as described more fully below.

4.      Mr. Shah is the Claimant in an arbitration (the "2009 Arbitration") pending before the London Court of International Arbitration ("LCIA"), No. 91344.  Respondent ObiBank is one of four respondents in the 2009 Arbitration.   In the 2009 Arbitration, Mr. Shah seeks recovery of costs and fees he has incurred as a result of his attempts to enforce a prior final arbitration award that he won in an arbitration brought in 2006 against ObiBank and others (the "2006 Final Award").  The 2006 Final Award was confirmed by this Court in 2008.[1]

5.      ObiBank has vigorously fought Mr. Shah's efforts to enforce the 2006 Final Award, forcing Mr. Shah to expend over $700,000 in costs and fees in his attempts to track down ObiBank's assets and pursue turnover proceedings.

6.      By means of the Petition filed in this action, Mr. Shah seeks an order of attachment in aid of arbitration against certain funds belonging to Respondent ObiBank and held in an account at Citibank N.A. ("Citibank") within this Court's jurisdiction.

7.      Despite diligent searching by Mr. Shah, the Citibank account is the only asset belonging to ObiBank or any of the other respondents to the 2009 Arbitration that Mr. Shah has been able to locate in the United States.  The purpose of the attachment is to insure that any award to which Mr. Shah may be entitled in the 2009 Arbitration will not be rendered ineffectual.

## NEED FOR EXPEDITED DETERMINATION OF MR. SHAH'S PETITION

8.      The funds sought to be attached are held in Citibank account number 3625-3085.  That account, which as of June 9, 2009 held approximately $1.8 million, is currently

---

[1] Shah v. RLI Partners Limited, et al., No. 08-4446, slip op. (S.D.N.Y. Sept. 17, 2008).

- 2 -

subject to a restraining notice filed by Mr. Shah as part of his attempt to enforce the 2006 Final Award (the "New York Collection Proceeding").

9.      In addition to the New York Collection Proceeding, Mr. Shah is also attempting to enforce the 2006 Final Award in Austria (the "Austrian Collection Proceeding"). In the Austrian Collection Proceeding, Mr. Shah has frozen an account at an Austrian bank, Raiffusen Zentralbank Osterreich AG (the "Austrian Account"), belonging to Respondent ObiBank.  Currently pending before a district court in Vienna, Austria is Mr. Shah's request that the funds in the Austrian Account be delivered to him in satisfaction of the 2006 Final Award.

10.      The Austrian bank has refused to state how much money is on deposit in the Austrian Account, but Mr. Shah is hopeful that the Austrian Account contains sufficient funds to satisfy the collection of the 2006 Final Award.  Nonetheless, Mr. Shah fears that, if his turnover request in the Austrian Collection Proceeding is granted, and if the amount in the Austrian Account is sufficient to satisfy the 2006 Final Award, then the current restraint against ObiBank's Citibank account in the New York Collection Proceeding will be lifted, allowing ObiBank to drain the money currently on deposit with Citibank.  At that point, Mr. Shah would again be forced to expend substantial funds searching for assets owned by ObiBank in order to satisfy the award he expects to obtain in the 2009 Arbitration.

11.      Mr. Shah therefore wishes to bring his Petition before this Court as soon as possible, so that his prayer for an order of attachment in aid of arbitration may be granted, and any award to which he may be entitled in the 2009 Arbitration will not be rendered ineffectual.

12.      If the Court approves Mr. Shah's request, described more fully below, directing service of process pursuant to FRCP 4(f)(3), then ObiBank and its counsel will have notice of this action within 10 days of the signing of the Order to Show Cause.

- 3 -

13.    A petition for an order of attachment in aid of arbitration is a state law remedy, made available to Mr. Shah here pursuant to FRCP 64.  Under New York state law, a notice of petition need be served no more than eight days before the time at which the petition is noticed to be heard, and a respondent's answer and supporting affidavits, if any, must be served upon petitioner no more than two days before such time.  See CPLR 7502(c) ("Provisional remedies") and CPLR 403(b) ("Time for service of notice of petition and answer").[2]

14.    If the Court signs this Order and Mr. Shah is able to serve ObiBank via Federal Express, as described below, by Wednesday, July 15, and allowing seven days for actual delivery to ObiBank, Mr. Shah requests that the Court order ObiBank (i) to show cause on Thursday, July 30, 2009 (being 15 days after Wednesday, July 15, 2009), or as soon thereafter as the Court's calendar allows, why Mr. Shah's Petition should not be granted; and (ii) to serve its answer and supporting affidavits, if any, so as to be received by Petitioner's counsel and the Court no later than Tuesday, July 28, 2009 by 12:01 p.m. Eastern Standard Time.

### SERVICE UPON OBIBANK

15.    Mr. Shah additionally requests that the Court issue an order, pursuant to FRCP 4(f)(3), directing service of the Order to Show Cause, this Declaration, Mr. Shah's

---

[2] NY CPLR 403(b) provides, in its entirety:

Time for service of notice of petition and answer.  A notice of petition, together with the petition and affidavits specified in the notice, shall be served on any adverse party at least eight days before the time at which the petition is noticed to be heard.  An answer and supporting affidavits, if any, shall be served at least two days before such time.  A reply, together with supporting affidavits, if any, shall be served at or before such time. An answer shall be served at least seven days before such time if a notice of petition served at least twelve days before such time so demands; whereupon any reply shall be served at least one day before such time.

- 4 -

Petition, and the papers filed in support thereof, by Federal Express on ObiBank and its attorneys in the 2009 Arbitration, Clifford Chance LLP.

16.     Respondent ObiBank is a Russian commercial bank and limited liability company organized and existing under the laws of the Russian Federation.  It is not registered to do business in New York; nor does it have an office here.  For that reason, service of process on ObiBank is governed by FRCP 4(f) as incorporated by FRCP 4(h)(2).

17.     As this Court has recognized, however, service of process on an entity within the Russian Federation can be problematic.  Arista Records LLC v. Media Servs. LLC, No. 06 Civ. 15319, 2008 U.S. Dist. LEXIS 16485 (S.D.N.Y. Feb. 25, 2008), a copy of which is attached hereto as Exhibit A, provides a detailed discussion of the problems associated with such service.

18.     ObiBank has appeared, through counsel, to answer Mr. Shah's claims in the 2009 Arbitration.

19.     Attached hereto as Exhibit B is a copy of Mr. Shah's Request for Arbitration, which shows Respondent's address at Section I.  At Section VIII of Exhibit B appears a confirmation that the Request for Arbitration was served on ObiBank at the address referred to in Section I.

20.     Attached hereto as Exhibit C is a copy of a letter dated June 18, 2009 from ObiBank's attorney, Clifford Chance LLP, responding to the Request for Arbitration on ObiBank's behalf.

21.     Service on ObiBank by Federal Express at the address that appears in the Request for Arbitration, and on ObiBank's counsel, Clifford Chance LLP, which is representing ObiBank in the 2009 Arbitration, will provide ObiBank adequate notice of this action.

- 5 -

22.     Mr. Shah therefore requests that this Court direct service of the Order to Show Cause, this Declaration, Mr. Shah's Petition, and the papers filed in support thereof, by Federal Express on ObiBank and its attorneys in the 2009 Arbitration, Clifford Chance LLP.

23.     No prior application for the relief sought herein has been made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 10, 2009

John J. Hay

- 6 -