UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of the Arbitration Between:

BIPINCHANDRA SHAH,

                Petitioner,

- against -

COMMERCIAL BANK "OB'EDINENNYI
INVESTITSIONNYI BANK" (LIMITED
LIABILITY COMPANY),

                Respondent.

Civil Action No.: 09- 6121 (HB)

MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR AN
ORDER OF ATTACHMENT IN AID OF ARBITRATION
PURSUANT TO FED. R. CIV. P. 64 AND CPLR 7502(C)

SALANS LLP
John J. Hay
Deric Gerlach
620 Fifth Avenue
Rockefeller Center
New York, New York 10020
Tel: (212) 632-5500
Fax: (212) 632 5555
Email: JHay@salans.com
<u>Attorneys for Petitioner Bipinchandra Shah</u>

NewYork 1274242.8

# TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| FACTUAL BACKGROUND | | 1 |
| ARGUMENT | | 5 |
| I. | PETITIONER IS ENTITLED TO AN ORDER OF ATTACHMENT UNDER CPLR 7502 AND 6212, AS INCORPORATED BY RULE 64 | 6 |
| | A. THE 2009 ARBITRATION IS A CAUSE OF ACTION FOR PURPOSES OF CPLR 7502(C) AND 6212(A) | 6 |
| | B. PETITIONER HAS SHOWN A PROBABILITY OF SUCCESS ON THE MERITS | 7 |
| | C. THE AMOUNT DEMANDED FROM RESPONDENT EXCEEDS ALL JUST COUNTERCLAIMS KNOWN TO PETITIONER | 8 |
| | D. WITHOUT AN ORDER OF ATTACHMENT, ANY AWARD TO WHICH SHAH MAY BE ENTITLED MAY BE RENDERED INEFFECTUAL | 9 |
| CONCLUSION | | 11 |

NewYork 1274242.8

# TABLE OF AUTHORITY

**CASES** Page

Bank of China v. NBM LLC,
   192 F. Supp. 2d 183 (S.D.N.Y. 2002).................................................................8

Bank of Leumi Trust Co. of New York v. Istim, Inc.,
   892 F. Supp. 478 (S.D.N.Y. 1995) ......................................................................8

Bridge Assocs. LLC v. Contract Mail Co.,
   No. 04-110639 (N.Y. Sup. Ct. Nov. 4, 2004).....................................................9

County Natwest Secs. Corp. USA v. Jesup, Josephthal & Co., Inc.,
   180 A.D.2d 468, 579 N.Y.S.2d 376 (N.Y. App. Div. 1992) ..............................9

GBI Capital v. Aivaliotis,
   No. 01-106679, 2001 N.Y. Misc. LEXIS 540 (N.Y. Sup. Ct. June 12, 2001) ..........................9

Habitations Ltd. Inc. v. BKL Realty Sales Corp.,
   160 A.D.2d 423, 554 N.Y.S.2d 117 (N.Y. App. Div. 1990) ..............................9

SG Cowen Secs. Corp. v. Messih,
   224 F.3d 79 (2d Cir. 2000)................................................................................6, 8

SiVault Sys. Inc. v. Wondernet Ltd.,
   No. 05 Civ. 0890, 2005 U.S. Dist. LEXIS 4635 (S.D.N.Y. Mar. 25, 2005).............5, 6, 8, 9, 10

Thornton & Naumes LLP v. Athari & Nixon LLP,
   36 A.D.3d 1119, 829 N.Y.S.2d 248 (N.Y. App. Div. 2007) ..............................6

**STATUTES AND OTHER AUTHORITY**

Fed. R. Civ. P. Rule 64 ..................................................................................................5

N.Y. CPLR 7502(c) ...............................................................................................1, 5, 6

N.Y. CPLR 6201.............................................................................................................6

N.Y. CPLR 6212(a) ................................................................................................5, 6, 8

NewYork 1274242.8

Petitioner Bipinchandra Shah ("Mr. Shah"), by and through its counsel, Salans LLP, submits this Memorandum of Law in support of his Petition seeking, pursuant to the New York CPLR 7502(c), an order of attachment in aid of his arbitration against Respondent Commercial Bank "Obi'edinennyi Investitsionnyi Bank" (Limited Liability Company) ("ObiBank"). As shown below, an attachment is required to preserve the status quo and preserve the efficacy of the award which Petitioner seeks in an arbitration currently pending in London. This application is further supported by the accompanying Declaration of Bipinchandra Shah, sworn to June 30, 2009 ("Shah Decl.") and Exhibits A-F thereto.

## FACTUAL BACKGROUND

Mr. Shah is a United States citizen residing in New York, New York. (Shah Decl. ¶ 1.) He is also the Claimant in an arbitration pending before the London Court of International Arbitration ("LCIA"), No. 91344 (the "2009 Arbitration"). (Id. ¶ 2.) Respondent ObiBank is a commercial bank and limited liability company organized and existing under the laws of the Russian Federation. It is not registered to do business in New York; nor does it have an office here. However, ObiBank does maintain a bank account at Citibank, N.A., account # 3625-3085 (the "Citibank Account"). (Id. ¶ 4.) ObiBank is one of four respondents in the 2009 Arbitration. (Id. ¶ 5.)

The 2009 Arbitration was commenced before the LCIA on May 18, 2009. (Id. ¶ 3.) In it, Mr. Shah seeks recovery of the costs, including attorneys' fees, incurred by him in enforcing an arbitral award rendered in his favor in a prior arbitral proceeding, also before the LCIA, between himself as Claimant and ObiBank, among others, as respondents (the "2006 Arbitration"). (See Shah Decl. Ex. A, Request for Arbitration § III.) ObiBank has appeared in the 2009 Arbitration through its attorneys Clifford Chance, the law firm that also represented it

in the 2006 Arbitration. (Shah Decl. ¶ 6 and Ex. B, Response to Request for Arbitration.)  As of yet, an arbitral Tribunal has not been selected for the 2009 Arbitration.  (Id.)

The 2006 Arbitration arose from breaches by ObiBank and others of certain loan agreements, pursuant to which, among other things, Mr. Shah agreed to lend $3 million to the other respondents and ObiBank guaranteed repayment of that loan.  (Id. ¶ 7.)  The loan agreements were negotiated and performed by Mr. Shah in New York and respondents were obligated to pay Mr. Shah his funds in New York.  (Id. ¶ 8.)  In addition to requiring Respondent ObiBank to repay Mr. Shah his loan plus interest, the loan agreements provided for respondents to indemnify and pay Mr. Shah all costs and expenses he incurs as a result of respondents' breaches, including any collection costs.  (Id. ¶ 9 and Ex. C, Framework Agreement § 6.)  Respondents failed to repay Mr. Shah his loan.  (Shah Decl. ¶ 10.)  After a hearing on the merits, the tribunal in the 2006 Arbitration ordered ObiBank, jointly and severally with the other respondents, to pay Mr. Shah damages, interest, fees, and costs, including attorneys' fees included to the date of the award, in an amount in excess of $5.3 million (the "2006 Award"). (Id. ¶ 11 and  Ex. D, LCIA Award ¶ 215.)

Respondents in the 2006 Arbitration, including ObiBank, refused to pay the 2006 Award.  (Shah Decl. ¶ 12.)  Due to Respondent ObiBank's refusal to pay, Mr. Shah has been forced to pursue Respondent's assets, at great expense, in New York and Austria, among other places.  (Id.)  In New York, Mr. Shah filed a Petition to Confirm Foreign Arbitral Award on or about May 12, 2008.  (Id. ¶ 13 and Ex. E, Petition.)  On or about May 15, 2008, Mr. Shah obtained an order of attachment in this Court attaching certain funds in the Citibank Account while his action to confirm the 2006 Award was pending (the "2006 Arbitration Attachment Order").  (Shah Decl. ¶¶ 13, 14.)  Thereafter, the Court granted Mr. Shah summary judgment

confirming the 2006 Award and ordering payment of the attached funds (approximately $1.1 million) to Mr. Shah. (Id. ¶ 15.)

In Austria, Mr. Shah successfully obtained an order from the District Court in Vienna, Austria, freezing ObiBank's bank account in an Austrian bank, Raiffusen Zentralbank Osterreich AG (the "Austrian Account"). (Id. ¶ 16.) He then requested that the Austrian court confirm the 2006 Award and deliver the frozen funds to him in satisfaction of the balance of the 2006 Award. That request is still pending. The Austrian court is waiting for confirmation of service upon ObiBank pursuant to the terms of the Hague Convention prior to proceeding with the action there. The Austrian bank has refused to specify the amounts in the Austrian Account. (Id. ¶ 17.)

Before Mr. Shah obtained the pre-judgment 2006 Arbitration Attachment Order, ObiBank had made significant use of its Citibank Account. (Id. ¶ 19.) Literally tens of millions of dollars flowed through it. (Id.) After the attachment order was served, and subsequent to Mr. Shah obtaining the $1.1 million held in that account, there was little activity in the Citibank Account. (Id. ¶ 19 and Ex. F, Citibank Account Records.) Nevertheless, after receipt of the funds held in the account ($1.1 million), based upon the federal judgment, Mr. Shah filed a transcript of the federal judgment with the New York County Clerk. (Shah Decl. ¶ 18.) He thereafter issued a restraining notice to Citibank on November 17, 2008 based on the transcript of judgment (the "Restraining Notice"). (Id.)

Recently, Mr. Shah learned that, after months of virtual inactivity (there were a few thousand dollars in the account when the restraining notice was served), certain additional funds have been deposited in the Citibank Account. (Id. ¶ 20.) Acting pursuant to the

Restraining Notice, Citibank has frozen, as of June 9, 2009 approximately $1.8 million of ObiBank's funds in the Citibank Account. (Id.)

As it presently stands, Mr. Shah has frozen two of ObiBank's accounts: the Austrian Account with an undisclosed amount; and the Citibank Account with approximately $1.8 million in that account. (Id. ¶ 21.) The amount of the 2006 Award still to be paid (plus interest until payment as required by the award) is approximately $4.8 million. (Id.)

Respondent ObiBank has shown itself unwilling to abide by the terms of the 2006 Award, forcing Petitioner to expend substantial time and money on enforcement. Despite months of searching and expenditures in excess of $700,000, Petitioner has been able to locate only two accounts outside of Russia belonging to <u>any</u> of the Respondents in the 2006 Arbitration. (Id. ¶ 24.) Mr. Shah is hopeful that the Austrian court will confirm the 2006 Award and direct payment to him of the frozen funds, which Mr. Shah further hopes is sufficient to satisfy the balance of the 2006 Award. If that occurs, Petitioner's currently existing restraint on the Citibank Account will be lifted, and Respondent will be free to withdraw its money from that account.

Given Respondent's past record of refusing to comply with the LCIA's award in the 2006 Arbitration, it is likely that Respondent will resist enforcement of any award to which Petitioner may be entitled in the 2009 Arbitration as well, including removing any funds in the Citibank Account. (Id. ¶ 25.) If that happens, Petitioner will have no way of enforcing any award to which he may be entitled pursuant to the pending Arbitration. Therefore, Petitioner seeks an order attaching the Citibank Account up to the amount of $700,000 so that any award to which Petitioner may be entitled will not be rendered ineffectual.

## ARGUMENT

Rule 64 of the Federal Rules Civil Procedure governs this application for an attachment in aid of arbitration. Rule 64 provides, in relevant part, that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies." Rule 64 thus incorporates New York law concerning such applications. E.g., SiVault Sys. Inc. v. Wondernet Ltd., No. 05 Civ. 0890, 2005 U.S. Dist. LEXIS 4635, *7 (S.D.N.Y. Mar. 25, 2005).

Section 7502(c) of the New York CPLR allows for prejudgment attachment in aid of arbitration. It provides:

> Provisional remedies. The supreme court in the county in which an arbitration is pending or in a county specified in subdivision (a) of this section, may entertain an application for an order of attachment or for a preliminary injunction in connection with an arbitration that is pending or that is to be commenced inside or outside this state, whether or not it is subject to the United Nations convention on the recognition and enforcement of foreign arbitral awards, but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief. The provisions of articles 62 and 63 of this chapter shall apply to the application, including those relating to undertakings and to the time for commencement of an action (arbitration shall be deemed an action for this purpose), except that the sole ground for the granting of the remedy shall be as stated above. If an arbitration is not commenced within thirty days of the granting of the provisional relief, the order granting such relief shall expire and be null and void and costs, including reasonable attorney's fees, awarded to the respondent. The court may reduce or expand this period of time for good cause shown. The form of the application shall be as provided in subdivision (a) of this section.

CPLR § 7502(c).

Thus, parties seeking an order of attachment in aid of arbitration in federal court located in New York State must satisfy the requirements of CPLR 7502(c) as well as those of CPLR Article 62. Specifically, the requirements of CPLR 6212(a) govern an application for an order of attachment under section 7502(c), except for the provision in section 6212(a) that refers

-5-

to CPLR 6201 concerning the grounds for attachment. See SG Cowen Secs. Corp. v. Messih, 224 F.3d 79, 82 (2d Cir. 2000); Thornton & Naumes LLP v. Athari & Nixon LLP, 36 A.D.3d 1119, 1120, 829 N.Y.S.2d 248, 249 (N.Y. App. Div. 2007).

Under CPLR 6212(a), as modified by CPLR 7502(c), any party seeking an order of attachment in aid of arbitration must make the following showings, as set forth in those sections: (1) "that there is a cause of action," (2) "that it is probable that the plaintiff will succeed on the merits," (3) "that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff," and (4) that "the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief." CPLR 6212(a); CPLR 7502(c); see also SiVault Sys., 2005 U.S. Dist. LEXIS 4635, at *8-9. Mr. Shah meets each of these four requirements and is therefore entitled to an order of attachment in aid of arbitration.

I.     PETITIONER IS ENTITLED TO AN ORDER OF ATTACHMENT UNDER CPLR 7502 AND 6212, AS INCORPORATED BY RULE 64

A.     THE 2009 ARBITRATION IS A CAUSE OF ACTION FOR PURPOSES OF CPLR 7502(C) AND 6212(A)

Petitioner commenced the 2009 Arbitration by filing a Request for Arbitration on May 18, 2009. Two of the respondents to the 2009 Arbitration, including Respondent ObiBank, filed a Response to Request for Arbitration on or about June 18, 2009. Therefore, for the purposes of CPLR 7502(c) and 6212(a), there is a cause of action. See CPLR 7502(c) (arbitration shall be deemed an action for purpose of Article 62 and 63 provisions relating to time for commencement of an action); see also Thornton & Naumes LLP, 36 A.D.3d at 1120, 829 N.Y.S.2d at 249 (petitioner for an order of attachment in aid of arbitration met CPLR 6212(a) requirement that there be a "viable cause of action").

### B. PETITIONER HAS SHOWN A PROBABILITY OF SUCCESS ON THE MERITS

Petitioner has met his burden of showing that it is probable he will succeed on the merits in his arbitration against Respondent. As was discussed above, Petitioner has already successfully brought an arbitration against Respondent in the 2006 Arbitration. The 2006 Arbitration arose out of the same arbitration agreement, involved the same parties, and took place in the same arbitral forum as the pending Arbitration. The tribunal in the 2006 Arbitration found in Petitioner's favor, finding that Respondents, including ObiBank, had breached their Loan Agreements, and awarding him in excess of $5.3 million in damages, interest, costs, and fees. In the pending arbitration, Petitioner seeks recovery of the costs, including attorneys' fees, incurred by him in enforcing the 2006 Award.

The contract under which Petitioner has brought the pending Arbitration clearly provides for the relief he seeks. In particular, the Framework Agreement, to which Respondent is a party, contains an indemnity clause, which provides, in relevant part:

> [Respondent and others] jointly and severally shall indemnify and hold Shah harmless against any loss, expense, costs, claims, damages or liability including, without limitation, **attorneys' fees and costs**, which Shah incurs as a consequence of:
>
> (a) the occurrence of any Event of Default under the Bridge Loan or a breach of this Framework Agreement;
>
> (b) any failure of any of ILC, RLI, Metropol and ObiBank to pay any amount due under the Transaction Documents on its due date;
>
> . . .
>
> (e) any litigation or arbitration due to or arising from any of the Transaction Documents

(Shah Decl. Ex. C, Framework Agreement § 6 (emphasis supplied).)

NewYork 1274242.8

Under the plain language of the Framework Agreement, Petitioner is clearly entitled to the relief he seeks in the pending Arbitration. He has already established in the 2006 Arbitration that ObiBank breached the Framework Agreement and failed to make payment under the Transaction Documents. The only issue to try is the amount of damages. Moreover, even in the absence of such a strong showing of likely success on the merits, courts have recognized that, in the arbitration context, "[s]uccess on the merits in arbitration . . . cannot be predicted with the confidence a court would have in predicting the merits of a dispute awaiting litigation in court," and that therefore "this element of the analysis will naturally have greatly reduced influence." SG Cowen Secs., 224 F.3d at 84. See also SiVault, 2005 U.S. Dist. LEXIS 4635, at *11 (granting a petition for an order of attachment even though "[t]here [was] relatively little in the record to demonstrate the likelihood that [petitioner] will succeed on the merits of its claim . . . ."). Accordingly, Mr. Shah has more than met his obligation, under CPLR 6212(a), of showing that it is probable that he will succeed on the merits.

    C.    THE AMOUNT DEMANDED FROM RESPONDENT EXCEEDS ALL JUST COUNTERCLAIMS KNOWN TO PETITIONER

To obtain an order of attachment, Petitioner must also show that the amount he seeks from Respondent exceeds all known counterclaims. See CPLR 6212(a). Courts applying this requirement have recognized that they are to examine only the amount of counterclaims that a plaintiff concedes are just. E.g., Bank of Leumi Trust Co. of New York v. Istim, Inc., 892 F. Supp. 478, 482 (S.D.N.Y. 1995) (where plaintiff contended that counterclaims were entirely without merit, the requirement was satisfied); Bank of China v. NBM LLC, 192 F. Supp. 2d 183, 187 (S.D.N.Y. 2002). Petitioner is not aware of any just counterclaims by Respondent. (Shah Decl. ¶ 2.) Petitioner's arbitration claim against Respondent seeks an award in excess of $700,000. (Shah Decl. Ex. A, Request for Arbitration § VI.) In its Response to Request for

Arbitration filed on or about June 18, 2009, Respondent ObiBank seeks only dismissal of Petitioner's claim and Respondent's costs of conducting the Arbitration, an amount far smaller than what Petitioner seeks. (Shah Decl. Ex. B, Response to Request for Arbitration ¶ 5.2.)

Mr. Shah's claims against ObiBank therefore far exceed all known counterclaims that ObiBank could assert in good faith during the Arbitration.

### D. WITHOUT AN ORDER OF ATTACHMENT, ANY AWARD TO WHICH SHAH MAY BE ENTITLED MAY BE RENDERED INEFFECTUAL

CPLR 7502(c) requires that an applicant for an order of attachment demonstrate "that the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief." The purpose of attachment is "to hold the parties in status quo until the arbitration is decided." GBI Capital v. Aivaliotis, No. 01-106679, 2001 N.Y. Misc. LEXIS 540, at *4 (N.Y. Sup. Ct. June 12, 2001). A petitioner seeking an attachment order meets his obligation to show that an arbitration award may be rendered ineffectual where he "demonstrate[s] the possibility, if not the likelihood, that absent the attachment being requested, the ultimate arbitration award would be severely compromised." County Natwest Secs. Corp. USA v. Jesup, Josephthal & Co., Inc., 180 A.D.2d 468, 469, 579 N.Y.S.2d 376, 376 (N.Y. App. Div. 1992).

Factors that weigh in favor of granting an order of attachment include: whether the assets sought to be attached are the only viable source of recovery in the United States, SiVault, 2005 U.S. Dist. LEXIS 4635, at *13, whether the respondent has historically failed to meet past obligations, Habitations Ltd. Inc. v. BKL Realty Sales Corp., 160 A.D.2d 423, 424, 554 N.Y.S.2d 117, 118 (N.Y. App. Div. 1990), and whether respondent is at risk of not meeting current obligations, Bridge Assocs. LLC v. Contract Mail Co., No. 04-110639, slip op. at 1, (N.Y. Sup. Ct. Nov. 4, 2004) ("[I]t is sufficient for petitioner to establish that the respondent's

assets are diminishing, are encumbered or are being moved about, regardless of the respondent's motives."). Moreover, the fact that any arbitration award may be enforceable in a foreign jurisdiction does not undermine a petitioner's claim that an award may be ineffectual absent an attachment order. E.g., SiVault, 2005 U.S. Dist. LEXIS 4635, at *13. It is within the court's discretion to determine whether, based on the facts submitted, an applicant has made the requisite showing.

Mr. Shah satisfies these factors. First, Respondent has amply demonstrated its unwillingness to comply with any award of the LCIA by resisting, for over a year, enforcement of the 2006 Award in the arbitration underlying the pending Arbitration. There is no reason to expect that, after 15 months of resisting enforcement of the 2006 Award, Respondent will comply with any decision resulting from the 2009 Arbitration granting Respondent his costs and fees associated with the enforcement of the 2006 Award. Second, the funds on deposit in ObiBank's Citibank account can easily be transferred out of Mr. Shah's (and this Court's) reach by ObiBank, and, given ObiBank's demonstrated unwillingness to conform to the LCIA's earlier award following the 2006 Arbitration, it is likely that ObiBank will transfer the funds at its first opportunity. Finally, Mr. Shah's painstaking search for ObiBank's assets to satisfy the 2006 Award has confirmed that, if ObiBank is allowed to draw down the Citibank account, it is very unlikely that he will be able to locate sufficient funds to satisfy any award to which he may be entitled.

Consequently, attachment of ObiBank's Citibank account is the only way to insure that any award to which Mr. Shah might be entitled will not be rendered ineffectual. An order of attachment is therefore appropriate under applicable law.

## CONCLUSION

For the reasons set forth herein, Petitioner respectfully requests that this Court grant his Petition for an attachment in aid of arbitration, and granting such other relief as the Court deems warranted.

Dated: New York, New York
July 7, 2009

SALANS LLP

By: _____
John J. Hay
Deric Gerlach

Rockefeller Center
620 Fifth Avenue
New York, New York 10020
Tel.: (212) 632 5500
Fax.: (212) 632 5555

Email: JHay@salans.com
Attorneys for Petitioner Bipinchandra Shah